UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MERCEDES PETITFRERE,

    *Plaintiff,*

v.

LLOYD J. AUSTIN III,

    *Defendant.*

Case No. 1:22-cv-1819-RCL

## MEMORANDUM OPINION

Plaintiff Mercedes Petitfrere, a Lieutenant in the U.S. Navy, brings this action against defendant Lloyd J. Austin III, the Secretary of Defense ("the Secretary"), who oversees the Defense Health Agency ("DHA"), for failing to provide an adequate explanation for DHA's denial of her medical malpractice claim, which she alleges violated the Administrative Procedure Act ("the APA"). Compl., ECF No. 1. Lt. Petitfrere asks this Court to vacate DHA's initial denial of her claim and remand for a new determination. *Id.* at 12. The Secretary moves to dismiss for both lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted, arguing that DHA's decision is judicially unreviewable based upon a "finality" provision within the Military Claims Act ("the MCA"). *See generally* Mot. to Dismiss, ECF No. 4.

Upon consideration of the parties' filings, the applicable law, and the record, the Court with **GRANT** the Secretary's motion and dismiss Lt. Petitfrere's complaint.

### I. BACKGROUND

Lt. Petitfrere, a member of the United States Navy Chaplain Corps., became pregnant in August 2018 while stationed at Camp Lejeune in North Carolina. Compl. ¶¶ 4, 6, 7. Until December 2018, Lt. Petitfrere's pregnancy progressed normally. *Id.* ¶ 8. On December 17, 2018, Lt. Petitfrere began experiencing severe abdominal pain, cramping, and painful urination, and went

1

to the Naval Medical Center Camp Lejeune ("NMCCL"). *Id.* ¶ 9. There, Lt. Petitfrere disclosed that she was previously diagnosed with fibroids, to which NMCCL personnel immediately attributed her pain without further consideration of her symptoms. *Id.* ¶ 10. She was ultimately treated with Tylenol and was discharged from NMCCL care. *Id.* ¶¶ 12–14. Over the next few days, Lt. Petitfrere's pain worsened; on December 19, 2018, her pain become unbearable, causing her to seek NMCCL's care once again. *Id.* ¶¶ 16–17. The onsite OB/GYN examined Lt. Petitfrere once more, advising her that her pain was not uncommon for a pregnant woman with fibroids and that her baby was okay. *Id.* ¶¶ 19–20. Despite her continuous complaints of pain, the NMCCL staff discharged her later that day on December 19, 2018. *Id.* ¶ 26–30.

On the morning of December 20, 2018, Lt. Petitfrere's pain became so unbearable that it precluded her from walking or standing up straight. *Id.* ¶ 32. Lt. Petitfrere's husband then took her to the civilian Onslow Memorial Hospital, where an ultrasound was performed. *Id.* ¶¶ 34–35. The ultrasound revealed that Lt. Petitfrere was fully dilated, prompting the medical staff on-site to prepare her for labor. *Id.* ¶¶ 35–37. Lt. Petitfrere's child was tragically stillborn on the morning of December 20, 2018, less than 14 hours after discharge from NMCCL care. *Id.* ¶ 38.

In December 2020, Lt. Petitfrere filed an administrative claim against the Department of Defense ("DoD") for medical malpractice based on the stillbirth of her son. *Id.* ¶ 59. On January 24, 2022, DoD denied her claim, reasoning that its investigation "determined that the applicable standard of care was met" in her case. *Id.* ¶ 64. Lt. Petitfrere subsequently appealed this decision to DHA's appeals board on February 17, 2022, additionally submitting the expert opinion of Dr. James Wheeler in support for her appeal. *Id.* ¶ 65. The DHA appeals board then adopted DoD's Initial Determination on April 1, 2022. *Id.*

In June 2022, Lt. Petitfrere brought this suit against the Secretary, alleging that DoD's denial of her claim violated the APA because DoD did not provide a "brief explanation" for its decision that was supported by expert opinion and sufficient to allow Lt. Petitfrere to meaningfully respond on appeal. *Id.* ¶¶ 68–96. Ultimately, Lt. Petitfrere requests that this Court vacate DoD's decision and remand the matter for a new decision. *Id.* at 12.

The Secretary now moves to dismiss Lt. Petitfrere's complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), claiming that DoD's decision is judicially unreviewable based upon a "finality" provision within the MCA, 10 U.S.C. § 2735. *See generally* Mot. to Dismiss, ECF No. 4. Lt. Petitfrere timely filed an opposition to the Secretary's motion to dismiss, arguing that her case falls within an exception to the MCA's finality provision. *See generally* Pl.'s Opp'n, ECF No. 8. The Secretary subsequently filed a reply to Lt. Petitfrere's opposition. *See generally* Def.'s Reply, ECF No. 10.

## II. LEGAL STANDARD

A defendant in a civil action may move to dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A court considering such a motion must take all the well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Doe v. Wash. Metro. Area Transit Auth.*, 453 F. Supp. 3d 354, 361 (D.D.C. 2020). "However, those factual allegations receive closer scrutiny than they do in the Rule 12(b)(6) context," and the court "may look to documents outside of the complaint in order to evaluate whether or not it has jurisdiction to entertain a claim." *Id.* (internal quotation marks and citations omitted). It is the "[p]laintiff [who] bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Am. Farm Bureau v. EPA*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000).

3

## III. DISCUSSION

Although the Secretary brings his motion to dismiss pursuant to both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the Court concludes that it must dismiss this suit because it lacks subject matter jurisdiction to review DHA's denial of Lt. Petitfrere's medical malpractice claim based upon the finality provision of the MCA. Because the Court will dismiss the complaint based on Rule 12(b)(1) alone, it need not address the aspect of the motion invoking Rule 12(b)(6).

The MCA allows the Secretary of Defense to "settle" any claims against the United States for, among other things, "personal injury or death . . . caused by a civilian officer or employee of" DoD "acting within the scope of his employment." 10 U.S.C. § 2733(a)(3). The MCA defines "settle" to mean "consider, ascertain, adjust, determine, and dispose of a claim, whether by full or partial allowance or by disallowance." *Id.* § 2731. Moreover, the "settlement" of a claim within the MCA is deemed "final and conclusive," "[n]otwithstanding any other provision of law." *Id.* § 2735. The Secretary has delegated his authority to make initial determinations to the relevant components of DoD, *see* 32 C.F.R. § 45.12, and his authority to hear appeals of those determinations to an appeals board within DHA, *see id.* § 45.13(b). Thus, a decision of DHA's appeals board is not only final and conclusive as to the merits of the underlying claim, but also to any collateral attack on the administrative decision through other laws such as the APA. Here, both parties agree that the denial of a claim such as Lt. Petitfrere's is ordinarily subject to the finality provision within the MCA. Mot. to Dismiss at 2–3; Pl.'s Opp'n at 8.

Where the parties disagree, however, is whether Lt. Petitfrere's case falls within an exception to the MCA's finality provision. Lt. Petitfrere invokes an exception that she argues is grounded in the D.C. Circuit's decision in *Broadnax v. U.S. Army*, 710 F.2d 865 (D.C. Cir. 1983) (per curiam), as well as several out-of-circuit cases. *See* Pl.'s Opp'n at 8–9. The Secretary does

4


not dispute the existence of such an exception, but he argues that it does not apply to Lt. Petitfrere's case. Mot. to Dismiss at 4–5. The Court agrees with the Secretary.

The putative exception to the MCA's finality provision is not expressly laid out in the text of the statute, nor is it well-defined. In fact, it is unclear whether it even exists. The D.C. Circuit has addressed it only briefly and in dictum, stating in *Broadnax* that "where there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination," limited review of a settlement "*may* well" be permissible. 710 F.2d at 867 (emphasis added) (internal quotation marks and citation omitted). Notably, the D.C. Circuit did not conclude that such an exception applied in *Broadnax*, and in a subsequent unpublished decision, it made clear that it did not see the *Broadnax* dictum as binding authority creating an exception. *See Davidson v. Dept. of Air Force*, No. 97-1325, 1997 WL 573482, at *1 (D.C. Cir. Aug. 26, 1997) (per curiam) (citing *Broadnax*, 710 F.2d at 865) ("The court does not decide whether there is an exception from the enforcement of Section 2735's finality provision because even if there were an exception, appellant has failed to demonstrate that it would apply here.").

The D.C. Circuit has never subsequently clarified the scope of the supposed *Broadnax* exception, and the only courts in this District to have considered whether it might apply have concluded that it did not—including in a case similar to this one, in which the plaintiffs alleged that the Navy failed to comply with its own regulations and violated their constitutional due process rights. *See MacCaskill v. United States*, 834 F. Supp. 14, 17–18 (D.D.C. 1993); *see also De Jackson v. Marsh*, No. 84-cv-2242, 1987 WL 16544, at *1–2 (D.D.C. Aug. 26, 1987) (recognizing *Broadnax* exception but concluding that "[t]here has been no departure from

procedural rights" where DoD component reviewing plaintiff's claim "misplac[ed] the pertinent records").

Without affirmative in-circuit support, Lt. Petitfrere asks the Court to look elsewhere to define the exception's scope. Several other circuits have recognized a limited exception to the MCA's finality provision where there is a clear constitutional violation. *See Collins v. United States*, 67 F.3d 284, 287–88 (Fed. Cir. 1995); *Rodrigue v. United States*, 968 F.2d 1430, 1432–34 (1st Cir. 1992); *Minns v. United States*, 155 F.3d 445, 453 (4th Cir. 1998); *Poindexter v. United States*, 777 F.2d 231, 233–37 (5th Cir. 1985); *Schneider v. United States*, 27 F.3d 1327, 1332 (8th Cir. 1994); *Hata v. United States*, 23 F.3d 230, 233 (9th Cir. 1994); *Labash v. U.S. Dep't of Army*, 668 F.2d 1153, 1155 (10th Cir. 1982). The Fourth Circuit has further carved out an exception to finality of the MCA when the allegations concern an agency "violating a clear statutory mandate," though it did so in an unpublished opinion. *See Duncan v. West*, No. 97-1876, 1998 WL 387191, at *3 (4th Cir. June 24, 1998) (per curiam).

For purposes of the present motion to dismiss, the Court will assume without deciding that an exception to the MCA's finality provision exists and that it includes (1) procedural violations going to the heart of the administrative determination, (2) constitutional violations, (3) violations of clear statutory mandates. Even so, Lt. Petitfrere has not met her burden of showing that such an exception would apply in her case and that the Court would have jurisdiction.

Lt. Petitfrere principally relies upon the *Accardi* doctrine, which permits judicial review under the APA of an agency action that would otherwise be unreviewable as committed to the agency's discretion, on the ground that the agency did not follow its own regulation in taking that action. Pl.'s Opp'n at 11; *see United States ex. rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954); *Service v. Dulles*, 354 U.S. 363 (1957). She contends that *Accardi*, taken together with *Broadnax*,

creates an exception to the MCA's finality provision when "the agency fails to adhere to its own implementing regulation constituting [a] procedural error that undermines the heart of the procedural framework of the MCA." Pl.'s Opp'n at 11–12. Lt. Petitfrere asserts that DoD failed to follow its regulations implementing the MCA, namely 32 C.F.R. § 45.12(d), which requires it to provide a "meaningful explanation" to the claimant for its denial of a claim. *Id.* at 12. She claims that DoD instead provided an unmeaningful and "boilerplate" explanation as to the denial of her claim, constituting "the kind of procedural error warranting judicial review contemplated by *Broadnax*." *Id.* at 14. The Court finds that argument unpersuasive.

Though DoD's explanation of its denial of Lt. Petitfrere's claim was brief, such brevity does not necessarily indicate a lack of meaningfulness. DoD explained that it denied Lt. Petitfrere's claim because its concluded after its investigation that the applicable standard of care was met in her case. Compl. ¶ 64. Lt. Petitfrere subsequently attempted to rebut that exact reasoning on appeal, when she produced an expert opinion arguing that the standard of care was not in fact met in her case. *Id.* ¶ 65. Though the DHA appeals board ultimately disagreed with Lt. Petitfrere and adopted DoD's Initial Determination, the Court concludes that DoD at least arguably adhered to the regulatory requirements prescribed by 32 C.F.R. § 45.12(d) and explained its reasoning specifically enough to allow Lt. Petitfrere to make her case, and thus that no procedural error "going to the heart of the administrative determination" occurred to warrant judicial review. *Broadnax*, 710 F.2d at 867 (internal quotation marks and citation omitted).

Alternatively, Lt. Petitfrere argues that DoD's brief explanation amounts to a constitutional due process violation. Pl.'s Opp'n at 13. She asserts that the appropriate "test" used by courts to determine a due process violation is whether "the acts of the government shock the conscience." *Id.* at 9 (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 848–50 (1998)). As an initial matter,

that is a standard for *substantive* due process claims, not *procedural* ones like Lt. Petitfrere's. *See Lewis*, 523 U.S. at 839. Moreover, she fails to explain how that standard is met in her case. Her only argument as to why her due process rights were violated is that DoD's explanation was "formulaic" and "boilerplate," and that it did not conform to her own standards of meaningfulness. *Id.* at 13–14. But while formulaic, boilerplate explanations from government bureaucrats may be frustrating, they are hardly shocking.

Finally, Lt. Petitfrere argues that DoD's failure to provide a more meaningful explanation for its denial of her claim resulted in "a violation of . . . the clear statutory mandates of the MCA." Pl.'s Opp'n to Mot. to Dismiss at 13. It appears that Lt. Petitfrere confuses the possible exception for violations of clear *statutory* mandates with the *Accardi* doctrine, which permits judicial review when an agency fails to adhere to its own *regulations*, as her briefing focuses on how DoD allegedly failed to adhere to 32 C.F.R. § 45.12 when issuing its decision in her case. The Court has already deemed her *Accardi* argument unpersuasive, and Lt. Petitfrere fails to provide any additional basis for her claim that DoD violated any *statutory* mandate of the MCA.[1]

For these reasons, the Court is without jurisdiction to hear Lt. Petitfrere's claims. What happened to Lt. Petitfrere was tragic, and the Court is sympathetic both to her anguish at the stillbirth and her frustration at medical personnel not taking her concerns seriously. But Congress chose to place determinations under the MCA outside the jurisdiction of the courts to review, and this Court is powerless to second-guess that decision.

---

[1] Lt. Petitfrere does assert in the complaint itself that DoD violated a provision of the MCA requiring it to make malpractice determinations "consistent with generally accepted standards used in a majority of States," 10 U.S.C. § 2733a(f)(2)(B), by failing to cite expert opinion evidence for its determination. Specifically, the complaint asserts that "[d]etermining whether medical malpractice occurred depends on determining if the standard of care was breached," and "[b]y necessary extension, this requires consultation with experts to determine what the standard of care is." Compl. ¶¶ 85–86. But even assuming Lt. Petitfrere is right on the merits, a statutory mandate can hardly be "clear" if it is found nowhere in the text.

## IV. CONCLUSION

For the foregoing reasons, it is Defendant's Motion [4] to Dismiss will be **GRANTED**, and the Court will **DISMISS** the complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1).

A separate Order shall issue this date.

Date: August 21, 2023

Royce C. Lamberth
United States District Judge